By the Court :
The obligation in question was assigned under the statute of 1810, which provides that all bonds, promissory notes, bills of exchange, foreign and inland, drawn for any sum or sums of money, or other property certain, and made payable to any person, or persons, or to his, her, or their order, or unto bearer, shall be negotiable by indorsement thereon, so as absolutely to transfer and vest the property thereof, etc.
It also authorizes the assignee to institute and maintain an action in his own name. By the construction which we have uniformly given to this statute, it has been restricted to instruments drawn for a sum or sums certain, payable in money or property.' We have believed this to be the fair interpretation of the act, and the only one that would give effect to the apparent design of’ the legislature. The certainty required can not relate to the species of article to be delivered, or paid, whether money or property, but to the numerical value, in that description of money for which judgment is to be entered. On any other interpretation, the restriction would be useless, as it would not prevent that uncertain kind of speculating traffic, in which the parties must be ignorant of the real value of the instrument which is the subject matter of their contract. To prevent this evil, the English courts have confined the statute 3 and 4 Ann, to notes for the payment of money absolutely, to the exclusion of such as are contingent either in whole *or in part. The assignment of the obligation in this case could not vest in the assignee an absolute right to demand or recover any certain sum, as the value of the lots was not fixed, and could not be ascertained without the verdict of a jury.
Judgment reversed.†

 Note bt the Editor. — See note to Byington. v. Geddings, ii. 227.